IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CHRISTIAN FERNANDEZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 5:25-cv-00109 |
| | § | |
| QUALITY CARRIERS, INC. AND | § | |
| RENESIA MARIE BANKS, | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Christian Fernandez (hereinafter "Plaintiff"), complaining of Defendants Quality Carriers, Inc.; Renesia Marie Banks; and Zuniga Logistics, Ltd.; and Zuniga Logistical Services, LLC, (collectively, "Defendants"), and files this First Amended Petition, as a matter of course under Fed. R. Civ. P. 15(a)(1)(B)[1], respectfully showing the Court as follows:

### I.
### DISCOVERY LEVEL

1.    Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### II.
### JURISDICTION AND VENUE

2.    This action was removed from the 49th Judicial District Court of Webb County, Texas, based on alleged diversity jurisdiction under **28 U.S.C. § 1332**. Plaintiff denies that

---

[1] Defendant Renesia Marie Banks Filed her Original Answer on October 3, 2025. *See* Doc. # 17. Plaintiff also files the amendment to Join Parties Zuniga Logistics, Ltd. and Zuniga Logistical Services, LLC which are Texas based entities within the Court's joinder Deadline of January 5, 2026.

complete diversity exists or that federal jurisdiction remains proper once all necessary parties are joined.

3.      Plaintiff files this First Amended Complaint pursuant to Rule 15(a)(1)(B) to add Zuniga Logistics, Ltd. and Zuniga Logistical Services, LLC, each a Texas-organized entity with its principal place of business in Laredo, Webb County, Texas. The addition of these Defendants destroys complete diversity and divests this Court of subject-matter jurisdiction under 28 U.S.C. § 1332.

4.      Upon filing and service of this Amended Complaint, Plaintiff will promptly move to remand this matter to the 49th Judicial District Court of Webb County, Texas, the court from which this case was removed.

5.      In the alternative, and without waiving his jurisdictional objections, Plaintiff asserts that venue remains proper in Webb County, Texas under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred there.

6.      To the extent necessary, this Court has personal jurisdiction over Defendants Quality Carriers, Inc. and Renesia Marie Banks because they purposefully conducted business within the State of Texas, engaged in activities giving rise to Plaintiff's claims within Texas, and committed tortious acts in Webb County, Texas. Defendants' contacts with Texas are sufficient to satisfy due-process requirements.

### III.
### PARTIES

7.      Plaintiff Christian Fernandez is an individual who resides in and is a citizen of the State of Texas.

8.    Defendant Quality Carriers, Inc. is a foreign corporation authorized to do business in Texas that has answered and appeared in this lawsuit and may be served through its counsel of record.

9.    Defendant Renesia Marie Banks is an individual who has answered and appeared in this lawsuit and may be served through her counsel of record.

10.    Defendant Zuniga Logistics, Ltd. ("Zuniga Logistics") is a Texas limited partnership and the sole limited partner of Zuniga Logistical Services, LLC. Zuniga Logistics maintains its principal place of business in Laredo, Webb County, Texas, and conducts substantial business throughout the State of Texas. This Defendant may be served with process through its registered agent: Carlos Zuniga Jr., 12013 Sara Road, Laredo, Texas 78045.

11.    Defendant Zuniga Logistical Services, LLC ("Zuniga Logistical") is a Texas limited liability company whose members include residents and citizens of the State of Texas. Zuniga Logistical serves as the general partner of Zuniga Logistics, Ltd., and maintains its principal office in Laredo, Webb County, Texas. This Defendant may be served with process through its registered agent: Carlos Zuniga Jr., 12013 Sara Road, Laredo, Texas 78045.

## IV.
### FACTS

12.    On or about August 13, 2024, Plaintiff Christian Fernandez was lawfully stopped at a red traffic signal in Laredo, Webb County, Texas, when he was violently struck from behind by a commercial tractor-trailer operated by Defendant Renesia Marie Banks.

13.    Immediately before the collision, Defendant Banks was operating a 2024 Freightliner Cascadia tractor hauling a 2022 bulk cargo tank trailer owned and operated by Defendant Quality Carriers, Inc. ("QC"). Defendant Banks failed to control her speed and maintain a proper lookout, causing the tractor-trailer to slam into the rear of Plaintiff's stopped vehicle.

14.    As a result of the impact, Plaintiff sustained severe and permanent injuries to his head, neck, back, and shoulders, requiring extensive medical care and resulting in significant pain, impairment, and economic loss.

15.    At all relevant times, Defendant Banks was acting within the course and scope of her employment and agency relationship with QC, making QC vicariously liable for her negligent acts and omissions.

16.    The commercial load Defendant Banks was transporting at the time of the collision was brokered and organized by Defendants Zuniga Logistics, Ltd. and Zuniga Logistical Services, LLC (collectively, "Zuniga Logistics").

17.    Zuniga Logistics is engaged in the business of freight brokerage, arranging for the transportation of goods in interstate commerce by contracting with motor carriers such as QC. As the freight broker, Zuniga Logistics was responsible for screening, vetting, and qualifying the carriers and drivers it selected to haul its customers' freight.

18.    On August 13, 2024, Zuniga Logistics brokered, organized, and dispatched the load that Defendant Banks was hauling on behalf of QC. Zuniga Logistics coordinated the shipment's pickup and delivery, established the schedule, and issued the dispatch assignment to QC for transportation under its brokerage authority.

19.    Despite having access to publicly available safety data and carrier records, Zuniga Logistics failed to exercise reasonable care in selecting and dispatching QC and Defendant Banks. Zuniga Logistics either knew or should have known of safety-related red flags—including prior violations, fatigue concerns, and inadequate supervision—but nevertheless placed Defendant Banks under dispatch to operate the commercial vehicle involved in this collision.

20.    The negligent acts and omissions of Defendants Quality Carriers, Inc.; Renesia Marie Banks; Zuniga Logistics, Ltd.; and Zuniga Logistical Services, LLC, individually and collectively, were proximate causes of the August 13, 2024, collision and of the severe injuries and damages sustained by Plaintiff.

**V.**
**CAUSES OF ACTION**

**A.  Negligence (Against All Defendants)**

21.    Plaintiff incorporates all preceding paragraphs as if fully restated herein.

22.    At all relevant times, Defendants owed Plaintiff a duty to exercise ordinary care to prevent foreseeable harm. For the motor carrier Defendants, this duty included safely operating, maintaining, and controlling their commercial vehicle. For the freight broker Defendants, this duty included exercising reasonable care in screening, selecting, and dispatching qualified carriers and drivers to transport loads under their brokerage authority.

23.    Defendants breached these duties through acts and omissions including, but not limited to:

    a.  Failing to keep a proper lookout for other vehicles, including Plaintiff's vehicle;

    b.  Failing to timely apply brakes to avoid the collision;

    c.  Failing to control the speed of the vehicle;

    d.  Failing to maintain proper and safe following distance;

    e.  Failing to take evasive action to avoid the collision;

    f.  Failing to operate the commercial vehicle in a safe and prudent manner;

    g.  Failing to properly inspect and maintain the commercial vehicle;

h.  Failing to exercise reasonable care in screening and selecting competent and qualified drivers and carriers;

i.  Failing to evaluate the safety record, compliance history, and fitness of the carrier and driver assigned to haul the brokered load;

j.  Allowing or authorizing the use of an unsafe driver and carrier to transport freight on Texas roadways; and

k.  Committing other acts or omissions constituting negligence under the circumstances.

24.    These negligent acts and omissions by Defendants, individually or collectively, directly and proximately caused Plaintiff's injuries. Had Defendants exercised ordinary care, Plaintiff would not have been injured. As a result of Defendants' negligence, Plaintiff suffered serious bodily injuries resulting in substantial medical expenses, lost wages, pain and suffering, mental anguish, physical impairment, disfigurement, and additional damages for which Plaintiff now seeks recovery.

### B.  Negligence Per Se (Against Quality Carriers and Banks)

25.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

26.    Defendants' conduct described herein constitutes an unexcused breach of duties imposed by various statutes and regulations, including, but not limited to, the Texas Transportation Code and applicable Federal Motor Carrier Safety Regulations. Defendants violated:

a.  Texas Transportation Code § 545.351, which requires operators to drive at a speed that is reasonable and prudent under the existing circumstances;

b.  Texas Transportation Code § 545.062, which prohibits following another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles, the traffic, and the condition of the highway;

      c.  Texas Transportation Code § 545.401, which prohibits reckless driving, defined as driving a vehicle in willful or wanton disregard for the safety of persons or property;

      d.  Federal Motor Carrier Safety Regulations regarding safe operation of commercial motor vehicles.

27.     Plaintiff is a member of the class that these statutes and regulations were designed to protect. Defendants' unexcused breach of the duties imposed by these statutes and regulations proximately caused Plaintiff's injuries described herein. Therefore, Defendants are negligent per se.

### C. Respondeat Superior (Against Defendant Quality Carriers, Inc.)

28.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

29.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Banks was within the course and scope of her employment for Defendant Quality Carriers, Inc. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Banks was engaged in the furtherance of Defendant Quality Carriers, Inc.'s business. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Banks was engaged in accomplishing a task for which she was employed by Defendant Quality Carriers, Inc.

30.     Therefore, under the doctrine of respondeat superior, Defendant Quality Carriers, Inc. is vicariously liable for the negligent acts and omissions of Defendant Banks committed during the course and scope of her employment.

### D. Negligent Hiring, Selection, and Retention (Against Zuniga Logistics, Ltd. and Zuniga Logistical Services, LLC)

31.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

32.     These claims arise under Texas common law duties of reasonable care and are not based on any attempt to regulate prices, routes, or services of a broker within the meaning of 49 U.S.C. § 14501(c)(1).

33.     Defendants Zuniga Logistics, Ltd. and Zuniga Logistical Services, LLC (collectively "Zuniga Logistics") acted as freight brokers responsible for organizing and coordinating the load hauled by Defendant Banks at the time of the collision.

34.     As freight brokers, Zuniga Logistics owed a duty to exercise reasonable care in selecting safe, competent, and qualified motor carriers and drivers to transport their brokered loads. This duty included evaluating carrier safety ratings, inspection histories, insurance compliance, driver qualification files, and any red flags indicating unsafe operation. Zuniga Logistics breached this duty in one or more of the following respects:

   a.  Failing to properly vet or screen Quality Carriers, Inc. and Defendant Banks before assigning them to haul the subject load;

   b.  Failing to review publicly available safety and compliance data through the FMCSA's Safety Measurement System (SMS) or other databases;

   c.  Failing to implement and enforce reasonable carrier-selection protocols;

   d.  Failing to ensure that Defendant Banks was properly qualified, trained, rested, and licensed to operate a commercial vehicle;

   e.  Failing to remove or suspend unsafe carriers or drivers from its network of contractors; and

   f.  Dispatching and authorizing an unsafe and unfit driver to operate a heavy commercial vehicle under Zuniga Logistics' brokered load.

35.     These negligent acts and omissions by Zuniga Logistics directly and proximately caused Plaintiff's injuries and damages. Had Zuniga Logistics exercised reasonable care in

selecting and supervising the carrier and driver assigned to this load, the collision would not have occurred.

### E. Negligent Entrustment (Against Defendant Quality Carriers, Inc.)

36.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

37.    Defendant Quality Carriers, Inc. owned or had the right to control the 2024 Freightliner Cascadia truck and 2022 bulk cargo tank trailer involved in the collision. Defendant Quality Carriers, Inc. entrusted the vehicle to Defendant Banks. Defendant Banks was an unlicensed, incompetent, or reckless driver, and Defendant Quality Carriers, Inc. knew or should have known that Defendant Banks was an unlicensed, incompetent, or reckless driver. Defendant Banks' negligence on the occasion in question proximately caused the collision and Plaintiff's resulting injuries.

### F. Joint Enterprise and/or Joint Venture (Against Quality Carriers, Inc., Zuniga Logistics, Ltd., and Zuniga Logistical Services, LLC)

38.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

39.    At all relevant times, Defendants Quality Carriers, Inc. ("QC"), Zuniga Logistics, Ltd., and Zuniga Logistical Services, LLC (collectively "Zuniga Logistics") were engaged in a joint enterprise and/or joint venture for the purpose of transporting and delivering freight for mutual profit.

40.    Under the parties' brokerage and transportation arrangement:

    a.    Zuniga Logistics organized, arranged, and dispatched freight shipments to QC for compensation;

    b.    QC accepted and transported those shipments under the direction and coordination of Zuniga Logistics;

    c.   The parties shared a common business purpose of transporting goods efficiently and profitably for the shipper; and

    d.   Zuniga Logistics and QC exercised joint control over material aspects of the transportation process, including driver selection, dispatching, scheduling, and route management.

41.    Through this arrangement, Defendants shared in the economic benefits of the load hauled by Defendant Banks and operated as a unified enterprise within the commercial motor-carrier and brokerage industry.

42.    At all times relevant, the conduct of QC, Zuniga Logistics, and Defendant Banks was **in** furtherance of their common enterprise and undertaken for their mutual pecuniary interest**.**

43.    Under Texas law, when two or more entities engage in a joint enterprise or joint venture, each is vicariously liable for the negligent acts or omissions of the others committed within the scope and furtherance of that common enterprise.

44.    Accordingly, Defendants Quality Carriers, Inc.**,** Zuniga Logistics, Ltd.**,** and Zuniga Logistical Services, LLC are jointly and severally liable for all injuries and damages sustained by Plaintiff as a result of the August 13, 2024 collision.

### G. *Gross Negligence (Against All Defendants)*

45.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

46.    Defendants' conduct, when viewed objectively from their standpoint at the time of the incident, involved an extreme degree of risk considering the probability and magnitude of serious harm to others using the roadway. Defendants had actual, subjective awareness of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff and the motoring public.

47.    Specifically, Defendants' actions and omissions—including dispatching and operating a fully loaded tractor-trailer despite known safety deficiencies, failing to screen and supervise an unfit driver, ignoring safety-rating warnings and hours-of-service violations, and disregarding obvious hazards associated with operating heavy commercial equipment at unsafe speeds—demonstrate a willful and wanton disregard for human life and safety.

48.    Such conduct constitutes gross negligence under Texas law. Accordingly, Plaintiff seeks recovery of exemplary damages in an amount to be determined by the trier of fact, as authorized by Chapter 41 of the Texas Civil Practice and Remedies Code, to punish and deter Defendants and others similarly situated from engaging in like conduct.

## VI.
### DAMAGES

49.    As a direct and proximate result of Defendants' negligent and grossly negligent conduct, Plaintiff has suffered severe injuries and damages. Plaintiff seeks recovery of the following damages:

       a.    **Past and Future Medical Expenses**. As a result of the injuries sustained in the collision, Plaintiff has incurred reasonable and

necessary medical expenses for medical care and treatment. In all reasonable probability, Plaintiff will continue to incur reasonable and necessary medical expenses for medical care and treatment in the future.

b. **Past and Future Physical Pain and Suffering**. Plaintiff has experienced severe physical pain and suffering as a result of the injuries sustained in the collision. In all reasonable probability, Plaintiff will continue to experience physical pain and suffering in the future.

c. **Past and Future Mental Anguish**. Plaintiff has experienced severe mental anguish as a result of the injuries sustained in the collision, including emotional distress, anxiety, and fear. In all reasonable probability, Plaintiff will continue to experience mental anguish in the future.

d. **Past and Future Physical Impairment**. Plaintiff has suffered physical impairment as a result of the injuries sustained in the collision, which has affected his ability to perform normal daily activities and enjoy life. In all reasonable probability, Plaintiff will continue to suffer physical impairment in the future.

e. **Past and Future Disfigurement.** Plaintiff has suffered disfigurement as a result of the injuries sustained in the collision. In all reasonable probability, Plaintiff will continue to suffer disfigurement in the future.

f. **Past Lost Wages and Loss of Earning Capacity**. Plaintiff has suffered lost wages as a result of being unable to work due to the injuries sustained in the collision. In all reasonable probability, Plaintiff will suffer a loss of earning capacity in the future.

g. **Loss of Consortium**. Plaintiff has suffered a loss of consortium as a result of the injuries sustained in the collision, including the loss of companionship, society, and affection.

h. **Exemplary Damages**. Due to Defendants' gross negligence, Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

## VII.
## JURY TRIAL DEMANDED

50.    Plaintiffs hereby demand a trial by jury.

## VIII.

## **PRAYER**

51.     Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other relief to which Plaintiff show himself justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that he seeks damages in excess of $1,000,000 and prays for relief and judgment, as follows:

- Compensatory damages against Defendants;
- Past and future medical expenses;
- Actual damages;
- Consequential damages;
- Past lost wages;
- Past and future disfigurement;
- Loss of consortium;
- Loss of earning capacity in the future;
- Pain and suffering;
- Exemplary damages;
- Past and future mental anguish;
- Past and future impairment;
- Interest on damages (pre- and post-judgment) in accordance with law;
- Plaintiff's reasonable attorneys' fees;
- Costs of court;
- Expert witness fees;
- Costs of copies of depositions; and
- Such other and further relief as the Court may deem just and proper.

**Date: October 16, 2025**

Respectfully submitted,

**FALCON LAW GROUP, PLLC**

*/s/ Michael Darling*
Michael Darling
State Bar No. 24105778
mdarling@thefalconlawgroup.com
Samuel Q. Long
State Bar No. 24123912
slong@thefalconlawgroup.com
84 NE Interstate 410 Loop, #2116
San Antonio, TX 78216
Tel: 210-942-0234
Fax: 830-224-4174
flgteam@thefalconlawgroup.com
areidy@thefalconlawgroup.com

**ATTORNEY FOR PLAINTIFF**